## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FRED ALLEN SHIELDS, JR., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 11-CV-029-GKF-TLW |
| MICHELLE ROBINETTE, | ) ) ) |
| Defendant. | ) |

### OPINION AND ORDER

This is a 42 U.S.C. § 1983 civil rights action. Plaintiff is a prisoner and appears *pro se*. On June 6, 2011, Defendant filed a Special Report (Dkt. # 13) and a motion to dismiss (Dkt. # 15). Plaintiff filed a response (Dkt. # 16) to the motion to dismiss. By Order filed February 6, 2012 (Dkt. # 22), the Court provided notice to the parties that Defendant's motion to dismiss would be adjudicated as a motion for summary judgment. See Dkt. # 22 (citing Fed. R. Civ. P. 12(d); Paper, Allied-Indus., Chem. & Energy Workers Int'l Union v. Continental Carbon Co., 428 F.3d 1285, 1292 (10th Cir. 2005)). The parties were directed to present all materials not previously provided that are pertinent to the motion for summary judgment. Id. On March 9, 2012, Plaintiff filed a document titled "Summary" (Dkt. # 25). On March 13, 2012, Defendant filed a "motion for summary judgment support in compliance with Court Order (Dkt. # 22)" (Dkt. # 26). For the reasons discussed below, Defendant's motion for summary judgment shall be granted.

### *BACKGROUND*

In the "Nature of Case" section of his complaint (Dkt. # 1), Plaintiff provides the following statement:

> I have been denied phone and visitation, for almost 5 months, and that has hendered [sic] me from abtianing [sic] a lawyer, and a inmate can only loose [sic] privileges for up to 30 days, and I haven't broke [sic] any rules or had a write up.

See Dkt. # 1. Based on those facts, Plaintiff identifies one (1) cause of action: that "cruel and unusual punishment inflicted (8 amendment (1791)) and to have assistance of counsel for my defence [sic] (6 amendment (1791))." Id. He names one (1) defendant, Michelle Robinette, the Chief Deputy of the David L. Moss Criminal Justice Center, the facility serving as the Tulsa County Jail (TCJ). In his request for relief, Plaintiff asks for "$100,000 dollars and to be treated as any other inmate, that hasn't broke [sic] any rules to loose [sic] privilege." Id. Plaintiff attaches a handwritten page to his complaint alleging additional facts in support of his cause of action. See id.

## UNCONTROVERTED FACTS

1. On June 4, 2009, while detained at TCJ on other charges, Plaintiff was charged with First Degree Murder and Conspiracy to Commit Murder in Tulsa County District Court, Case No. CF-2009-2738. (Dkt. # 13, Ex. A). The event giving rise to those charges was the murder of Tulsa businessman Neal Sweeney.

2. On or about March 9, 2010, Plaintiff was placed in Administrative Confinement at TCJ. See Dkt. # 13 at 2.

3. On August 31, 2010, Defendant received confidential intelligence information regarding Tulsa Police Department's ongoing investigation of the murder. See Dkt. # 26, Ex. 2. The information was provided by Tulsa County District Attorney Tim Harris. Id., Ex. 1.

4. Based on information received from Mr. Harris, Defendant suspended all contact visits with Plaintiff from outside citizens, see Dkt. # 26, Ex. 2, and suspended all phone calls by Plaintiff to outside citizens, as of August 31, 2010. id.

5. Plaintiff has been allowed to have contact with his court-appointed lawyers. Id.

6. Plaintiff filed his federal civil rights complaint (Dkt. # 1) on January 12, 2011.

2

## ANALYSIS

**A. Summary judgment standard**

Summary judgment pursuant to Fed. R. Civ. P. 56 is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Kendall v. Watkins, 998 F.2d 848, 850 (10th Cir. 1993). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex, 477 U.S. at 317. "Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996). "Summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Durham v. Xerox Corp., 18 F.3d 836, 838-39 (10th Cir. 1994).

**B. Plaintiff's claims**

**1. Eighth Amendment violation**

Plaintiff claims that his placement in Administrative Confinement constitutes cruel and unusual punishment in violation of the Eighth Amendment. If Plaintiff is in custody as a pretrial detainee then, as an initial matter, the Court notes that Plaintiff's claim is based directly on the Fourteenth Amendment's due process clause, and not on the Eighth Amendment's prohibition against cruel and unusual punishment (as applied to the states through the Fourteenth Amendment's

3

due process clause). However, it is well-established that the analysis is the same. See, e.g., Howard v. Dickerson, 34 F.3d 978, 980 (10th Cir. 1994) (stating that "[t]he constitutional protection against deliberate indifference to a prisoner's serious medical needs, as announced in Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976) (Eighth Amendment shields prisoners after adjudication), applies to pretrial detainees through the due process clause of the Fourteenth Amendment"); Garcia v. Salt Lake County, 768 F.2d 303, 307 (10th Cir. 1985).

In support of his due process claim, Plaintiff asserts that Defendant violated his due process rights as a pretrial detainee by placing him in segregation and keeping him in segregation for an extended period of time. He acknowledges that the TCJ has a handbook establishing rules for staff and inmates. See Dkt. # 1, attached handwritten page. But, Plaintiff states "I guess Chief Robinette don't have to follow the rules and she can punish who she wants, when she want [sic], because she don't [sic] like how I look or my charge." Id.

Due process requires that a pretrial detainee not be punished prior to a lawful conviction. Bell v. Wolfish, 441 U.S. 520, 535 (1979); Peoples v. CCA Detention Centers, 422 F.3d 1090, 1106 (10th Cir. 2005); Littlefield v. Deland, 641 F.2d 729, 731 (10th Cir. 1981). However, the government may subject those awaiting trial to the conditions and restrictions of incarceration so long as those conditions and restrictions do not amount to punishment. Bell, 441 U.S. at 536-37. The determination of whether a condition of pretrial detention amounts to punishment turns on whether the condition is imposed for the purpose of punishment or whether it is incident to some other legitimate government purpose. Id. at 538. If an act by a prison official, such as placing the detainee in segregation, is done with an intent to punish, the act constitutes unconstitutional pretrial punishment. Id. Similarly, "if a restriction or condition is not reasonably related to a legitimate

4

[governmental] goal-if it is arbitrary or purposeless-a court permissibly may infer that the purpose of the governmental action is punishment." Id. at 539. On the other hand, restraints that "are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting." Id. at 540. Obviously, "ensuring security and order at the institution is a permissible nonpunitive objective, whether the facility houses pretrial detainees, convicted inmates, or both." Id. at 561. Thus, "no process is required if [a pretrial detainee] is placed in segregation not as punishment but for managerial reasons." Peoples, 422 F.3d at 1106 (quoting Higgs v. Carver, 286 F.3d 437, 438 (7th Cir. 2002)).

In this case, the record reflects that Plaintiff has been placed in Administrative Confinement. Plaintiff complains that his placement in Administrative Confinement amounts to punishment because he had not broken any rules. However, Plaintiff fails to understand or acknowledge the distinction between "Disciplinary Confinement" and "Administrative Confinement." The former is used by officials at TCJ to separate an inmate from the general population "as a result of a guilty finding for a major rule violation." See Dkt. # 13, Ex. B. In contrast, the procedures and policies followed by the Tulsa County Sheriff's Office at TCJ define "Administrative Confinement" as follows:

> Separation of an inmate from the general population when the continued presence of the inmate in the general population would pose a serious threat to life, property, self, staff, or other inmates, or to the security or orderly operation of the facility. Administrative Confinement may also be deemed necessary to maintain the integrity of an investigation. This is not a punitive measure.

See Dkt. # 13, Ex. B. The uncontroverted record provided by Defendant demonstrates that Plaintiff is in Administrative Confinement because of his "possible involvement with witness tampering and/or threatening to harm witnesses" in the high profile case resulting from the murder of Neal

Sweeney. See Dkt. # 26, Ex. 1. A detention center has a legitimate interest in segregating individual inmates from the general population for nonpunitive reasons, including threats to the integrity of an investigation and "threat[s] to the safety and security of the institution." Brown-El v. Delo, 969 F.2d 644, 647 (8th Cir. 1992) (citing Hewitt v. Helms, 459 U.S. 460, 474-76 (1983)); see also Bell, 441 U.S. at 540. A substantiated threat to harm witnesses, as demonstrated in this case, see Dkt. # 26, attached exhibits, is a legitimate nonpunitive rationale for Plaintiff's continued segregation.

Although Plaintiff alleges that his segregation was intended as a punishment, the uncontroverted record provided by Defendant demonstrates that, based on information obtained from the Tulsa County District Attorney concerning Plaintiff's communications threatening to harm witnesses, Plaintiff was placed in Administrative Confinement in furtherance of legitimate penal objectives of safety and security of the institution and to preserve the integrity of an investigation. Therefore, entry of summary judgment in favor of Defendant is appropriate and her motion for summary judgment as to Plaintiff's due process claim shall be granted.

**2. Sixth Amendment violation**

Plaintiff also claims that his placement in Administrative Confinement has prevented him from securing the assistance of counsel for his defense, in violation of the Sixth Amendment. See Dkt. # 1. That allegation is belied by the record. The record reflects that on June 7, 2010, Plaintiff filed a pauper's affidavit and appeared in the state district court, represented by the Public Defender's Office. See Dkt. # 13-1. Thereafter, on June 17, 2010, the Public Defender's Office was allowed to withdraw and, on June 21, 2010, attorney Lee Berlin was appointed to represent Plaintiff. Id. On November 4, 2010, attorney Berlin was allowed to withdraw. Id. The state district court continued Plaintiff's criminal proceeding until replacement counsel could be appointed. On March

6

16, 2011, the docket sheet reflects that attorneys Mark Cagle and Stephen Lee appeared on behalf of Plaintiff. See Dkt. # 13-2. As of today's date, those attorneys continue to represent Plaintiff. See Docket Sheet for Case No. CF-2009-2738, viewed at www.oscn.net. Plaintiff has not been deprived of counsel in violation of the Sixth Amendment.

In the supplemental response filed by Plaintiff on March 9, 2012 (Dkt. # 25), Plaintiff argues that restrictions on his ability to place phone calls to outside citizens resulted in his inability to "higher [sic] my own paid lawyers." In support of that claim, Plaintiff offers the following:

> If I was able to use to [sic] phone an [sic] have visitation I could sell a few cars and pay for my own attorneys. And do [sic] to Chief Robinette using the jail as a tool of punishment, I am force [sic] to use whoever will take $3,000 dollars on one of biggest cases in Tulsa. Thiers [sic] know [sic] doubt in my mind if I could have had my privileges I would have been out of jail. And that's why Tim Harris has had Chief Robinette do this to me.

(Dkt. # 25 at 3). Plaintiff's argument is based on speculation and does not persuade the Court that Plaintiff's Sixth Amendment right to counsel has been violated by his placement in Administrative Confinement. The uncontroverted record provided by Defendant demonstrates that there is no genuine issue of material fact as to Plaintiff's Sixth Amendment claim. Therefore, entry of summary judgment in favor of Defendant is appropriate and her motion for summary judgment as to Plaintiff's Sixth Amendment claim shall be granted.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Defendant's motion for summary judgment (Dkt. # 15) is **granted**.
2. A separate judgment in favor of Defendant shall be entered in this matter.

DATED THIS 16th day of March, 2012.

*[signature: Gregory K. Frizzell]*
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT